|   |   |
|---|---|
| HARRY H. GALEKOVICH, on his own behalf and as guardian ad litem for M.G., a minor,<br><br>                Plaintiff,<br><br>   v.<br><br>CITY OF VANCOUVER, et al.,<br><br>                Defendants. | CASE NO. C11-5736BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT |
| HARRY H. GALEKOVICH, on his own behalf and as guardian ad litem for M.G., a minor,<br><br>                Plaintiff,<br><br>   v.<br><br>CITY OF VANCOUVER, et al.,<br><br>                Defendants. | CASE NO. C11-5738BHS |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This matter comes before the Court on Plaintiff's Motion to Remand Case to State Court (Dkt. 17).[1] The Court has considered the pleadings filed in support of, and in

---

[1] On January 23, 2012, the Court issued an Order consolidating Cause No. 11-5378 with Cause No. 11-5376. The parties are instructed to file all future pleadings and motions under the caption listed above.

ORDER - 1

opposition to, the motion and the remainder of the file. For the reasons stated herein, the Court denies the motion.

## I. PROCEDURAL AND FACTUAL HISTORY

On August 25, 2011, Harry Galekovich (hereinafter "Plaintiff") filed a complaint in this matter in Clark County Superior Court. Dkt. 1. On September 15, 2011, Defendants City of Vancouver and Dave Miletich removed the complaint to this Court under 28 U.S.C. §§ 1331, 1343, and 1367(a). Dkt. 1 at 2.[2] On October 13, 2011, Plaintiff filed a motion to remand. Dkt. 17. On October 21, 2011, Defendants responded. Dkt. 19. On October 26, 2011, Plaintiff replied. Dkt. 25.

In the section titled "Introduction" in his complaint, Plaintiff summarizes his claims against Defendants as follows:

> This is action at law of [sic] for injunctive and declaratory relief and money damages to redress deprivation by defendants acting under color of statute, ordinance, regulation, custom and/or usage, of right privilege or immunity secured to Plaintiff HARRY GALEKOVICH by the First, Fourth, Eight and Fourteen Amendments to the Constitution of United States of America with intent to deny Plaintiff Harry Galekovich their civil rights all of witch [sic] arise under State and Federal law particularly Title 42 U.S.C. § 1981[,] 1983[,] 1984[,] 1986 and 1988 and the Constitution Laws and Status of the United States and the State of Washington.

Dkt. 1 at 9 ¶ 5.1. Plaintiff then asserts 15 causes of action, including "[d]enial of civil rights pursuant to 42 U.S.C. § 1983 and § 1985," as well as violations under *Monell v. Dept. of Social Servs. of the City of New York*, 436 U.S. 658 (1978). Dkt. 1 at 23-55. Near the end of his complaint, Plaintiff again alleges that Defendants violated "rights

---

[2] At the time of filing, only Defendants City of Vancouver and Dave Miletich had been served with a copy of the summons and complaint. Dkt. 1 at 2.

ORDER - 2

1   privileges and immunities secured to [him] by the First, Fourth, Eight and Fourteen

2   Amendments," and that Defendants denied him his "civil rights under . . . Federal Law

3   particularly Title 42 U.S.C. §§ 1981[,] 1983 and 1985.  Dkt. 1 at 55.

4       In addition to the federal causes of action, Plaintiff also asserts several state

5   claims, including harassment, libel, slander, negligent violation of the Washington State

6   child abuse statute, failure to summon assistance, assault, battery, kidnapping, outrage,

7   false imprisonment and negligent infliction of emotional distress.  Dkt. 1 at 23-55; Dkt.

8   19 at 1-2.  In his motion, Plaintiff asserts for the first time a claim under Washington's

9   Public Records Act and that Defendant Terry Weiner committed professional

10  misconduct, along with an unspecified criminal act(s).  Dkt. 17 at 4-8.  In their response,

11  Defendants have moved to strike these new allegations.  Dkt. 19 at 3.

12                          **II. DISCUSSION**

13      As an initial matter, the Court grants Defendants' motion to strike Plaintiff's

14  allegations in his motion to remand, that one or more Defendants violated Washington's

15  Public Record's Act, RCW 42.56, *et seq.*, and that Defendant Terry Weiner engaged in

16  professional misconduct and/or criminal conduct.  The complaint does not reference,

17  explicitly or implicitly, these allegations, and although the Court typically affords a pro

18  se plaintiff latitude to amend or add claims, the Court finds that these new allegations of

19  impropriety are disconnected from, and wholly irrelevant to, the underlying complaint.

20      Accordingly, the Court turns to the motion to remand the instant matter back to

21  state court.  For the following reasons, the Court denies Plaintiff's motion.

22

1    First, the Court has original jurisdiction over Plaintiff's claims under the First,
2 Fourth, Eighth, and Fourteenth Amendments and claims under 42 U.S.C. §§ 1981, 1983,
3 1985 and *Monell v. Dept. of Social Servs. of the City of New York*, 436 U.S. 658 (1978).
4 28 U.S.C. § 1331.  These claims include those asserted against the City of Vancouver and
5 the individually named Defendants.

6    Second, the Court has supplemental jurisdiction over the remaining state law
7 claims because these state law claims arise out of a common nucleus of operative facts as
8 the federal claims and are of the nature that a plaintiff would ordinarily expect to try in
9 one judicial proceeding.  28 U.S.C. § 1367; *United Mines Workers of Am. v. Gibbs*, 383
10 U.S. 715, 725 (1966); *Kuba v. 1-A Agricultural Ass'n*, 387 F.3d 850, 855-56 (9th Cir.
11 2004).  All claims flow from the general allegation that Defendants unlawfully excluded
12 Plaintiff and his grandson from a community swimming pool in October 2009.  *See* Dkt.
13 1.  Plaintiff elected to file his non-federal and federal claims as part of the same lawsuit,
14 and the Court finds no compelling reason to view these set of claims as independent of
15 the other.

16    Finally, notwithstanding its inherent power to decline supplemental jurisdiction,
17 the Court finds that the exercise of supplemental jurisdiction is appropriate here.  A
18 district court has the discretion to decline supplemental jurisdiction over pendent state
19 law claims where (1) the claim raises a novel or complex issue of state law; (2) the
20 pendent claims substantially predominate over the federal claims over which the court
21 has original jurisdiction; (3) the district court has dismissed all claims over which it had
22 original jurisdiction; or (4) in other exceptional circumstances.  28 U.S.C. § 1367(c).  On

review of the allegations underlying the federal and state law claims and the procedural and factual history, the Court finds that none of these factors apply here. Moreover, the Court finds that retaining supplemental jurisdiction advances fairness, judicial economy and convenience to the parties. *See Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). As depicted in the caption above, the Court has already consolidated a second near-identical lawsuit that Plaintiff filed initially in State court, which was then removed to federal court, and the Court has several motions currently pending before it in the instant matter. For the foregoing reasons, the Court retains jurisdiction over the pendent state law claims.

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's Motion to Remand Case to State Court is **DENIED**.

Dated this 28th day of February, 2012.

BENJAMIN H. SETTLE
United States District Judge