1

2

3          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
4                  AT TACOMA

5

6   HARRY H. GALEKOVICH, on his own          CASE NO. C11-5736BHS
    behalf and as guardian ad litem for M.G.,
    a minor,

7                                            ORDER DENYING PLAINTIFF'S
                         Plaintiff,          MOTION TO REMAND CASE TO
8                                            STATE COURT

            v.
9
    CITY OF VANCOUVER, et al.,

10
                         Defendants.

11  HARRY H. GALEKOVICH, on his own
    behalf and as guardian ad litem for M.G.,  CASE NO. C11-5738BHS
12  a minor,

13                       Plaintiff,

14          v.

15  CITY OF VANCOUVER, et al.,

16                       Defendants.

17

18      This matter comes before the Court on Plaintiff's Motion to Remand Case to State

19  Court (Dkt. 17)[1]  The Court has considered the pleadings filed in support of, and in

20  _____

21      [1] On January 23, 2012, the Court issued an Order consolidating Cause No. 11-5378 with
    Cause No. 11-5376.  The parties are instructed to file all future pleadings and motions under the
22  caption listed above.

ORDER - 1

1 opposition to, the motion and the remainder of the file.  For the reasons stated herein, the

2 Court denies the motion.

## I. PROCEDURAL AND FACTUAL HISTORY

4 On August 25, 2011, Harry Galekovich (hereinafter "Plaintiff") filed a complaint

5 in this matter in Clark County Superior Court.  Dkt. 1. On September 15, 2011,

6 Defendants City of Vancouver and Dave Miletich removed the complaint to this Court

7 under 28 U.S.C. §§ 1331, 1343, and 1367(a).  Dkt. 1 at 2.[2]  On October 13, 2011,

8 Plaintiff filed a motion to remand.  Dkt. 17.  On October 21, 2011, Defendants

9 responded.  Dkt. 19.  On October 26, 2011, Plaintiff replied.  Dkt. 25.

10 In the section titled "Introduction" in his complaint, Plaintiff summarizes his

11 claims against Defendants as follows:

12 This is action at law of [sic] for injunctive and declaratory relief and
money damages to redress deprivation by defendants acting under color of
13 statute, ordinance, regulation, custom and/or usage, of right privilege or
immunity secured to Plaintiff HARRY GALEKOVICH by the First,
14 Fourth, Eight and Fourteen Amendments to the Constitution of United
States of America with intent to deny Plaintiff Harry Galekovich their civil
15 rights all of witch [sic] arise  under State and Federal law particularly Title
42 U.S.C. § 1981[,] 1983[,] 1984[,] 1986 and 1988 and the Constitution
16 Laws and Status of the United States and the State of Washington.

17 Dkt. 1 at 9 ¶ 5.1.  Plaintiff then asserts 15 causes of action, including "[d]enial of

18 civil rights pursuant to 42 U.S.C. § 1983 and § 1985," as well as violations under *Monell*

19 *v. Dept. of Social Servs. of the City of New York*, 436 U.S. 658 (1978).  Dkt. 1 at 23-55.

20 Near the end of his complaint, Plaintiff again alleges that Defendants violated "rights

21 _____

22 [2] At the time of filing, only Defendants City of Vancouver and Dave Miletich had been
served with a copy of the summons and complaint.  Dkt. 1 at 2.

1  privileges and immunities secured to [him] by the First, Fourth, Eight and Fourteen

2  Amendments," and that Defendants denied him his "civil rights under . . . Federal Law

3  particularly Title 42 U.S.C. §§ 1981[,] 1983 and 1985.  Dkt. 1 at 55.

4      In addition to the federal causes of action, Plaintiff also asserts several state

5  claims, including harassment, libel, slander, negligent violation of the Washington State

6  child abuse statute, failure to summon assistance, assault, battery, kidnapping, outrage,

7  false imprisonment and negligent infliction of emotional distress.  Dkt. 1 at 23-55; Dkt.

8  19 at 1-2.  In his motion, Plaintiff asserts for the first time a claim under Washington's

9  Public Records Act and that Defendant Terry Weiner committed professional

10  misconduct, along with an unspecified criminal act(s).  Dkt. 17 at 4-8.  In their response,

11  Defendants have moved to strike these new allegations.  Dkt. 19 at 3.

12                              **II. DISCUSSION**

13      As an initial matter, the Court grants Defendants' motion to strike Plaintiff's

14  allegations in his motion to remand, that one or more Defendants violated Washington's

15  Public Record's Act, RCW 42.56, *et seq.*, and that Defendant Terry Weiner engaged in

16  professional misconduct and/or criminal conduct.  The complaint does not reference,

17  explicitly or implicitly, these allegations, and although the Court typically affords a pro

18  se plaintiff latitude to amend or add claims, the Court finds that these new allegations of

19  impropriety are disconnected from, and wholly irrelevant to, the underlying complaint.

20      Accordingly, the Court turns to the motion to remand the instant matter back to

21  state court.  For the following reasons, the Court denies Plaintiff's motion.

22

ORDER - 3

1    First, the Court has original jurisdiction over Plaintiff's claims under the First,

2  Fourth, Eighth, and Fourteenth Amendments and claims under 42 U.S.C. §§ 1981, 1983,

3  1985 and *Monell v. Dept. of Social Servs. of the City of New York*, 436 U.S. 658 (1978).

4  28 U.S.C. § 1331.  These claims include those asserted against the City of Vancouver and

5  the individually named Defendants.

6    Second, the Court has supplemental jurisdiction over the remaining state law

7  claims because these state law claims arise out of a common nucleus of operative facts as

8  the federal claims and are of the nature that a plaintiff would ordinarily expect to try in

9  one judicial proceeding.  28 U.S.C. § 1367; *United Mines Workers of Am. v. Gibbs*, 383

10 U.S. 715, 725 (1966); *Kuba v. 1-A Agricultural Ass'n*, 387 F.3d 850, 855-56 (9th Cir.

11 2004).  All claims flow from the general allegation that Defendants unlawfully excluded

12 Plaintiff and his grandson from a community swimming pool in October 2009.  *See* Dkt.

13 1.  Plaintiff elected to file his non-federal and federal claims as part of the same lawsuit,

14 and the Court finds no compelling reason to view these set of claims as independent of

15 the other.

16    Finally, notwithstanding its inherent power to decline supplemental jurisdiction,

17 the Court finds that the exercise of supplemental jurisdiction is appropriate here.  A

18 district court has the discretion to decline supplemental jurisdiction over pendent state

19 law claims where (1) the claim raises a novel or complex issue of state law; (2) the

20 pendent claims substantially predominate over the federal claims over which the court

21 has original jurisdiction; (3) the district court has dismissed all claims over which it had

22 original jurisdiction; or (4) in other exceptional circumstances.  28 U.S.C. § 1367(c).  On

1  review of the allegations underlying the federal and state law claims and the procedural

2  and factual history, the Court finds that none of these factors apply here.  Moreover, the

3  Court finds that retaining supplemental jurisdiction advances fairness, judicial economy

4  and convenience to the parties.  *See Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1001 (9th

5  Cir. 1997).  As depicted in the caption above, the Court has already consolidated a second

6  near-identical lawsuit that Plaintiff filed initially in State court, which was then removed

7  to federal court, and the Court has several motions currently pending before it in the

8  instant matter.  For the foregoing reasons, the Court retains jurisdiction over the pendent

9  state law claims.

10                                    **III. ORDER**

11        Therefore, it is hereby **ORDERED** that Plaintiff's Motion to Remand Case to

12  State Court is **DENIED**.

13        Dated this 28th day of February, 2012.

14

15

16        BENJAMIN H. SETTLE
          United States District Judge

17

18

19

20

21

22