UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HARRY GALEKOVICH, et al.,

    Plaintiffs,

v.

CITY OF VANCOUVER,

    Defendant.

CASE NO. C11-5736 BHS

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, GRANTING DEFENDANT'S MOTION FOR SANCTIONS, AND IMPOSING LIMITED STAY

This matter comes before the Court on Defendant City of Vancouver's ("City") motion for sanctions (Dkt. 115) and Plaintiff Harry Galekovich's ("Galekovich") motion for reconsideration (Dkt. 117). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motion for reconsideration, grants the motion for sanctions, and imposes a limited stay pending proof of payment for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On three separate occasions the Court has warned Galekovich that the continued filing of frivolous motions will result in sanctions as requested by opposing counsel. *See*

ORDER - 1

Dkts. 70, 81, & 98. On September 12, 2012, the Court denied numerous motions as frivolous. Dkt. 114. On September 14, 2012, the City filed a motion for sanctions. Dkt. 115. Galekovich did not respond. Instead, on September 24, 2012, Galekovich filed a motion for reconsideration of the order denying his frivolous motions. Dkt. 117.

## II. DISCUSSION

**A.     Motion for Reconsideration**

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In this case, Galekovich argues that his motion is based on manifest error. Dkt. 117. His arguments, however, are completely without merit. Therefore, the Court denies the motion.

**B.     Motion for Sanctions**

As an initial matter for this motion, Galekovich failed to respond, and the Court considers the failure an admission that the City's motion has merit. Local Rule CR 7(b)(2).

With regard to the merits of the motion, a district court may impose Rule 11 sanctions if a paper filed with the court is for an improper purpose, or if it is frivolous. *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003); citing Fed. R.

Civ. P. 11(b)(1)-(2); *Townsend v. Holman Consulting*, 929 F.2d 1358, 1362 (9th Cir. 1990). The standard governing both the "improper purpose" and "frivolous" inquiries is objective. *Id*.

In this case, Galekovich has filed numerous motions that have been denied as frivolous. The Court has also warned Galekovich multiple times that the continued filing of frivolous motions may result in sanctions. Galekovich has failed to heed these warnings and, from an objective standpoint, continues to file frivolous motions that unnecessarily consume the Court's and the City's resources and interfere with the just and speedy administration of justice. Therefore, the Court grants the City's request to impose sanctions.

With regard to the amount of sanctions, the City requests $4,300 for 23 hours of work at $200 per hour. Dkt. 115 at 9–10. The Court finds that half that amount is warranted for effective deterrence. Therefore, the Court imposes $2,150 in sanctions against Galekovich.

With regard to the payment of the sanctions, the Court will impose a limited stay in this matter until payment is made. The Court finds that 60 days is sufficient time for proof of payment. During the limited stay, filings will be accepted by the Court and placed on the electronic docket, but the Clerk is directed not to note any filing for consideration unless otherwise directed by the Court. If Galekovich fails to show proof of payment or good cause why payment has not been made by the end of the stay, then the Court may dismiss this action with prejudice.

1  Galekovich is further cautioned that even if the sanction amount is paid, his filing
2  of any further frivolous motions may warrant additional sanctions, both monetary and
3  nonmonetary, up to and including dismissal of the action with prejudice.

### III. ORDER

5  Therefore, it is hereby **ORDERED** that Galekovich's motion for reconsideration
6  (Dkt. 117) is **DENIED** and the City's motion for sanctions (Dkt. 115) is **GRANTED** as
7  set forth herein. The Court imposes a limited stay until January 4, 2012. The stay may
8  be lifted only by proof of payment of the sanctions or a showing of good cause why
9  Galekovich is unable to make any payment. If payment is not made or good cause is not
10 shown, then the Court may dismiss this action.

11 During the pendency of the stay, the Clerk may accept filings but shall not note
12 any filing for consideration unless otherwise directed by the Court.

13 Dated this 14th day of November, 2012.

BENJAMIN H. SETTLE
United States District Judge